UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LEISA BRUCE,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP & WAL-MART ASSOCIATES, INC.<br><br>                Defendants. | C/A NO. 3:19-cv-00308-GCM |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Wal-Mart Stores East, LP and Wal-Mart Associates, Inc.[1] (hereinafter collectively "Wal-Mart" or "Defendant"), by and through their undersigned legal counsel, in accordance with Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, and hereby file their Answer and Affirmative Defenses to the Complaint in the above-captioned action as follows:

### I. INTRODUCTION

Responding to the unnumbered Paragraph preceding Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff worked as a Pharmacist based at Store No. 1464 and that she alleges violations of the Age Discrimination in Employment Act (ADEA, Count I) and a claim for wrongful discharge in violation of North Carolina public policy (Count II). Except as specifically admitted, Defendants deny the remaining allegations contained in the unnumbered Paragraph

---

[1] Wal-Mart Stores East, L.P. is the operating entity for the Store where Plaintiff was based and is thus the only appropriate defendant in this action.

preceding Paragraph 1 of Plaintiff's Complaint. Defendants specifically deny that they engaged in any unlawful conduct.

## II. PARTIES, JURISDICTION, AND VENUE

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Responding to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Wal-Mart Stores East, LP operates a Store in Mecklenburg County, North Carolina. Except as expressly admitted herein, Defendants deny any remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Responding to Paragraph 3 of Plaintiff's Complaint, Defendants state that Wal-Mart Stores East, LP (not Wal-Mart Associates, Inc.) operates a Store in Mecklenburg County, North Carolina. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Responding to Paragraph 4 of Plaintiff's Complaint, Defendants admit that Wal-Mart Stores East, L.P., is the operating entity for the Store where Plaintiff was employed. Except as expressly admitted, Defendants deny any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Responding to Paragraph 5 of Plaintiff's Complaint, Defendants admit that Plaintiff alleges that the acts giving rise to her claims largely took place in Mecklenburg County, North Carolina and other North Carolina Counties. Except as specifically admitted, Defendants deny any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint, and Defendants specifically deny that any unlawful acts occurred.

6. Responding to Paragraph 6 of Plaintiff's Complaint, Defendants assert that this case was properly removed and that this Court has subject matter jurisdiction in this case. Except as specifically admitted, Defendants deny any remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Responding to Paragraph 7 of Plaintiff's Complaint, Defendants assert that venue is proper in this Court. Except as specifically admitted, Defendants deny any remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

### III. FACTUAL STATEMENT

8. Responding to Paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff was hired on February 9, 2010 as a Staff Pharmacist based at Store No. 1464 located at 8180 South Tryon Street, Charlotte, NC 28273. Defendants admit that Plaintiff was a "floater," who was expected to travel to work at various pharmacies in North Carolina based on business staffing needs. Except as specifically admitted, Defendants deny any remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Responding to Paragraph 10 of Plaintiff's Complaint, Defendants admit that Kymm Stefero took over as Market Manager in June 2015 and that Plaintiff reported to Ms. Stefero. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Responding to Paragraph 12 of Plaintiff's Complaint, Defendants admit that Stefero issued a First Written Coaching to Plaintiff for Job Performance on January 14, 2016 after: Plaintiff allowed Pharmacy Associates to have food and drinks in the Pharmacy, Plaintiff allowed

a Pharmacy Technician to work not in dress code, and Plaintiff worked not in dress code. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Responding to Paragraph 13 of Plaintiff's Complaint, Defendants admit that Plaintiff received a Second Written Coaching for Integrity on July 2, 2017 from Pharmacy Manager Cherie Passaretti after Plaintiff failed to check the temperature logs for the vaccination refrigerators and attempted to cover up the situation. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Responding to Paragraph 15 of Plaintiff's Complaint, Defendants admit that Ms. Stefero reported to Regional Manager Darryl Marchetta. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Responding to Paragraph 17 of Plaintiff's Complaint, Defendants admit that Ms. Stefero offered Plaintiff a Staff Pharmacist position in Hickory, North Carolina, where Plaintiff often worked as a floater. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Responding to Paragraph 18 of Plaintiff's Complaint, Defendants admit that, in or about April 2017, Ms. Stefero received complaints that Plaintiff was not complying with Defendants' Standard Operating Procedures. Defendants further admit that this complaint was substantiated. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Responding to Paragraph 19 of Plaintiff's Complaint, Defendants admit that, in response to these complaints, management conducted an investigation, which included (but was not limited to) witness interviews and obtaining witness statements regarding Plaintiff's failure to comply with the Standard Operating Procedures. Except as specifically admitted, Defendants deny any remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Responding to Paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff's employment was terminated on May 17, 2017 for Gross Misconduct after the investigation confirmed that Plaintiff blatantly disregarded the Standard Operating Procedures and provided false information. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Responding to Paragraph 25 of Plaintiff's Complaint, Defendants state that they are unaware of any evidence that Chris Murray engaged in Gross Misconduct, as Plaintiff did by providing false information. Except as specifically admitted, Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Responding to Paragraph 28 of Plaintiff's Complaint, Defendants state that the Charge of Discrimination, Right to Sue letter, and Application and Order Extending Time to File

Complaint speak for themselves. To the extent any further response is required, Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## IV. LEGAL CLAIMS

### Response to Plaintiff's Count I
(*Alleged Violation of the Age Discrimination in Employment Act*)
**Against All Defendants**

29. Responding to Paragraph 29 of Plaintiff's Complaint, Defendants incorporate their above responses to the allegations in the Complaint as if set forth fully herein.

30. Paragraph 30 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent any further response is necessary, Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Upon information and belief, Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

### Response to Plaintiff's Count II
### (*Alleged Wrongful Discharge in Violation of Public Policy*)
### Against All Defendants

40. Responding to Paragraph 40 of Plaintiff's Complaint, Defendants incorporate their above responses to the allegations in the Complaint as if set forth fully herein.

41. Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

### RESPONSE TO PRAYER FOR RELIEF

46. Defendants deny the allegations contained in Plaintiff's Prayer for Relief set forth after Paragraph 45 of Plaintiff's Complaint, specifically including subparts 1 through 6. Defendants specifically deny that Plaintiff is entitled to any relief whatsoever including, but not limited to, the relief requested in Plaintiff's Prayer for Relief (as well as its subparts 1 through 6) set forth after Paragraph 45 of Plaintiff's Complaint.

47. Defendants further deny any allegations of the Complaint not expressly admitted herein and demand strict proof thereof.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

In further Answer to Plaintiff's Complaint, Defendants assert the following additional and affirmative defenses:

### First Additional Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense

Some or all of Plaintiff's claims are, or may become, barred by the applicable statutes of limitations and/or repose.

### Third Additional Defense

Some or all of Plaintiff's claims are barred by the doctrine of laches, estoppel, unclean hands, and/or waiver.

### Fourth Additional Defense

Plaintiff has the duty to mitigate any alleged losses, her entitlement to recovery for which is expressly denied, and any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

### Fifth Additional Defense

Defendants' actions concerning Plaintiff's employment were based upon legitimate, nondiscriminatory and non-retaliatory business reasons and reasonable factors other than Plaintiff's age or any other protected status.

### Sixth Additional Defense

Even assuming that Defendants' actions concerning Plaintiff's employment were influenced by some alleged unlawful motive, which they were not, Defendants nonetheless would have taken the same employment action with respect to Plaintiff even in the absence of such alleged unlawful motive.

### Seventh Additional Defense

Defendants, at all times material herein, have made good faith efforts through the adoption of anti-discrimination policies, and education of its personnel to comply with the employment anti-discrimination laws.

### Eighth Additional Defense

Defendants state that there were legitimate, nondiscriminatory and non-retaliatory reasons for their actions, which were not pretextual, that Defendants have not willfully or intentionally violated the law, and that Defendants have neither taken nor ratified any action with regard to Plaintiff with unlawful or discriminatory purpose or intent; rather, Defendants have acted in good faith, have not authorized any action prohibited by law, and have not committed any unlawful employment practice.

### Ninth Additional Defense

To the extent that Plaintiff's claims were not included within an administrative charge filed with the Equal Employment Opportunity Commission, were not alleged against all named Defendants, and/or were neither investigated nor conciliated by the Equal Employment Opportunity Commission, or to the extent that Plaintiff has failed to obtain a Dismissal and Notice of Rights, Plaintiff has failed to satisfy the conditions precedent to filing an action under the ADEA, and such claims are barred.

### Tenth Additional Defense

To the extent that the events of which Plaintiff complains occurred more than 300 days before the filing of her charge of discrimination with the Equal Employment Opportunity Commission, they are time-barred by the appropriate statute of limitations and procedural requirements.

### Eleventh Additional Defense

Any injuries or damages sustained by Plaintiff that were caused by her own conduct, that were consented to and/or initiated by Plaintiff, and/or that were waived either expressly or impliedly by Plaintiff's actions (if any) would be barred in whole or in part against Defendants.

### Twelfth Additional Defense

Defendants exercised reasonable care to prevent and/or correct promptly any discriminatory or retaliatory behavior in the workplace. Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to timely notify and/or complain to Defendants of the allegations asserted in her Complaint, and failed to utilize Defendants' policies for reporting alleged misconduct.

### Thirteenth Additional Defense

Plaintiff's claims are frivolous, unreasonable and groundless, and accordingly, Defendants are entitled to an award of their attorneys' fees and costs associated with the defense of this action.

### Fourteenth Additional Defense

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendants are not liable for punitive damages, if any, because any unlawful employment decisions were contrary to their good faith efforts to comply with the anti-discrimination statutes.

### Fifteenth Additional Defense

Assuming, *arguendo,* any unlawful acts occurred, though they did not, Plaintiff's claim for punitive damages is barred because Defendants did not authorize or ratify any allegedly discriminatory acts and were not reckless in hiring or supervising the employee(s) who allegedly committed the discriminatory acts.

Sixteenth Additional Defense

Plaintiff's claims for punitive damages are barred because Defendants have not engaged in any practice with actual malice or wanton or willful disregard for Plaintiff's rights.

Seventeenth Additional Defense

Plaintiff's claims are barred to the extent they are preempted by and subject to the exclusive remedy of the North Carolina Workers' Compensation Act.

Eighteenth Additional Defense

Some or all of the mental or emotional damages alleged by Plaintiff may have preexisted either her employment with Defendants or the claimed events upon which Plaintiff's claims are based.

Nineteenth Additional Defense

Defendants reserve the right to assert further defenses, including but not limited to the after-acquired evidence doctrine, as they become evident through discovery or investigation.

WHEREFORE, having fully answered Plaintiff's Complaint and asserted their defenses, Defendants pray that the Complaint be dismissed in its entirety with prejudice and pray for an award to Defendants of their legal fees, costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of July, 2019.

*s/ Julie K. Adams*
Julie K. Adams, NC Bar No. 32773
jadams@fordharrison.com
FORD & HARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1947
Attorney for Defendants